UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------X
Michelle Harris,

      Plaintiff,    Civil Action No.:_____

  against

Rosenthal, Morgan & Thomas, Inc.,  **COMPLAINT AND DEMAND**
             **FOR TRIAL BY JURY**

      Defendant.
-----------------------------------------------X

Plaintiff Michelle Harris ("Plaintiff" or "Harris"), by and through her attorneys, FREDRICK SCHULMAN & ASSOCIATES, Attorneys at Law, as and for her Complaint against the Defendant Rosenthal, Morgan & Thomas, Inc. ("Defendant" or "ROSENTHAL"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of Sec. 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of NJ, County of Middlesex, residing at 112 Giles Street, Middlesex, NJ 08846.

3. Defendant is a collection firm with a principal place of business at 12747 Olive Blvd., Saint Louis, MO 63141, and, upon information and belief, is authorized to do business in the State of NJ.

4. ROSENTHAL is a "debt collector" as the phrase is defined and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331, as well as 15 U.S.C. Sec. 1692 et. seq. and 28 U.S.C. Sec. 2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. Sec. 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. Upon information and belief, on a date better known to the Defendant, the Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. Plaintiff's deceased husband entered into a contract with Vector Security for monitoring services.

10. Plaintiff sent Vector Security a letter dated January 20, 2012 requesting that they cancel the monitoring service effective February 21, 2012. (See attached hereto as "Exhibit A"). Vector did not cancel the service.

11.     In or around July 2012, the Defendant sent Plaintiff a collection letter dated 07/16/2012 (Attached hereto as "Exhibit B") in an attempt to collect on a debt in the amount of One Thousand Nine Hundred Ninety-Two Dollars and Fifty-Three Cents ($1,992.53).

12.     Plaintiff immediately phoned Defendant to advise them that this was not her debt, but the debt of her now-deceased husband. Defendant stated that she had co-signed the contract and therefore was liable. This was a blatant misrepresentation on the part of the Defendant since Plaintiff did not sign the contract (See signed Contract attached hereto as "Exhibit C").

13.     Defendant was extremely and unnecessarily rude to Plaintiff during the numerous telephone calls made to Plaintiff.

14.     Defendant misrepresented themselves to Plaintiff by identifying themselves as an attorneys' office, during the repeated calls made to Plaintiff.

15.     Defendant threatened to get a judgment stating that the contract was co-signed, which it was not.

16.     Said actions by Defendant violated 15 U.S.C. Sec. 1692d, which prohibits engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person.

17.     Said actions by Defendant violated 15 U.S.C. Sec. 1692d(5), which prohibits causing the phone to ring and engaging any person in repeated telephone conversations.

18.     Said actions by Defendant violated 15 U.S.C. Sec. 1692e, which prohibits the use of false, deceptive, or misleading representation in connection with debt collection.

19.     Said actions by Defendant violated 15 U.S.C. Sec. 1692e(2) which prohibits misrepresenting the character, amount, or legal status of an alleged debt.

20.     Said actions by Defendant violated 15 U.S.C. Sec. 1692e(3), which prohibits falsely identifying itself as an attorney or stating that the communication is from an attorney.

21. Said actions by Defendant violated 15 U.S.C. Sec. 1692e(5), which prohibits taking any action that cannot legally be taken or that is not intended to be taken.

22. Said actions by Defendant violated 15 U.S.C. Sec. 1692f, which prohibits using false representation and deceptive means in attempt to collect a debt.

23. Said actions by Defendant violated 15 U.S.C. Sec. 1692f(1), which prohibits the attempt to collect any amount not authorized by the agreement which created the debt or that is permitted by law.

24. Said actions of Defendant caused Plaintiff unnecessary emotional distress and anxiety as she was mourning the death of her husband.

25. As a result of the Defendant's deceptive, misleading and/or unfair debt collection practices, the Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to, 15 U.S.C. Sec. 1692d , 15 U.S.C. Sec. 1692d(5), 15 U.S.C. Sec. 1692e, 15 U.S.C. Sec. 1692e(2), 15 U.S.C. Sec. 1692e(3), 15 U.S.C. 1692e(5), 15 U.S.C. Sec. 1692f and 15 U.S.C. Sec. 1692f(1).

28. As a result of the Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

29.     Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

 **WHEREFORE**, Plaintiff Michelle Harris demands judgment against the Defendant Rosenthal, Morgan & Thomas, Inc. as follows:

A.   For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B.   For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A):

C.   For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D.   For a declaration that the Defendant's practices violated the FDCPA; and,

E.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.


Dated:  New York, New York
             October 22, 2012

                                    Respectfully submitted,


                                    By:  s/ Aryeh L. Pomerantz
                                            Aryeh L. Pomerantz, Esq.
                                    FREDRICK SCHULMAN & ASSOCIATES
                                    30 East 29TH Street
                                    New York, New York 10016
                                    (212) 796-6053
                                    aryeh@fschulmanlaw.com
                                    Attorneys for Plaintiff